PUERTO RICO TELEPHONE COMPANY, demandante y recurrida, *v.* MUNICIPIO DE MAYAGÜEZ, demandado y recurrente.

*Número:* R-72-206     *Resuelto:* 21 de marzo de 1975

*Celedonio Medín Lozada* y *Eugenio Sánchez Ruiz,* abogados del recurrente.

PER CURIAM: Para el año fiscal 1970–71 el Municipio de Mayagüez impuso a la Puerto Rico Telephone Company por concepto de patentes municipales la suma de $9,350. La Telefónica pagó dicha suma pero estableció que pagaba $5,406.00 bajo protesta por considerar que no venía obligada a pagar esa cantidad, sino solamente la diferencia entre ambas sumas.

Solicitó reintegro por la vía judicial. El Tribunal Superior declaró con lugar el recurso sobre reintegro de la Telefónica.

La ley aplicable al caso es la Núm. 26 de 28 de marzo de 1914, según enmendada, 21 L.P.R.A. sec. 621 y ss. [1] Surge de la prueba que la Telefónica mantiene, o mantenía a la fecha de los hechos, oficinas en Mayagüez pero no en los pueblos de Aguadilla, San Sebastián, Aguada, Moca, Añasco, San Germán, Hormigueros, Sabana Grande, Lajas, Maricao, Lares, Las Marías, Cabo Rojo y Rincón. La oficina de Mayagüez era una oficina central donde se atendían las actividades comerciales de la recurrida en relación con los mencionados pueblos.

En cada uno de dichos pueblos la recurrida tiene un edificio donde está instalado un equipo automático que hace posible las comunicaciones telefónicas en esos lugares. Dicho equipo funciona sin ayuda de personal alguno. Empleados de la recurrida visitan periódicamente esos edificios para obtener información, la cual pasan a sus libros. La recurrida tiene en cada uno de esos pueblos uno o más agentes, usualmente farmacias, los cuales están autorizados a recibir pagos de los usuarios. La recurrida compensa a dichos agentes por sus servicios mediante comisión. Los usuarios pueden pagar allí localmente o directamente en la oficina central en Mayagüez.

La ley aplicable facultaba a los municipios a cobrar patentes municipales a negocios e industrias a base del volumen de negocios. La propia ley, en lo aquí pertinente, definía este término en la siguiente forma:

"Se entenderá por volumen de negocios para los efectos de esta ley, los ingresos brutos que se obtengan de un negocio o industria en el municipio donde la casa principal realiza sus operaciones, o los ingresos brutos que se obtengan por la casa principal en el municipio donde ésta mantenga oficina de ventas, almacén, o cualquier tipo de organización comercial o industria para reali-

---

[1] Esa Ley Núm. 26 fue derogada por la Núm. 27 de 12 de junio de 1971, 21 L.P.R.A. sec. 641 y ss. y esta última fue a su vez derogada por la Ley Núm. 113 de 10 de julio de 1974, que es la vigente Ley de Patentes Municipales, 21 L.P.R.A. sec. 651 y ss.

zar negocios a su nombre, sin tener en cuenta sus ganancias o beneficios; esto es, . . . el importe de lo recaudado por servicios telefónicos o eléctricos, en cada municipio donde mantenga oficinas, tratándose de empresas de esta índole, y en general el montante de los ingresos habidos por cualquier negocio hecho o servicio prestado, de acuerdo con la naturaleza del negocio o industria establecido."—Sec. 4 de la Ley Núm. 26 de 28 marzo 1914, según enmendada por la Ley Núm. 93 de 25 junio 1962.

[1] Conforme a la citada sección la patente debía imponerse sobre los ingresos brutos de la casa principal obtenidos en el municipio donde dicha casa mantenía oficina y, tratándose de empresas de servicios telefónicos, los ingresos brutos serían el importe de lo recaudado por dichos servicios en el municipio donde la compañía tuviese oficina. A la luz de los hechos de este caso debemos resolver que la Telefónica no tenía oficinas, a los efectos de la ley que interpretamos, en los pueblos antes mencionados pero sí la tenía en Mayagüez. Desde luego, lo recaudado por los agentes de cobro—en las farmacias—en los distintos pueblos mencionados debe considerarse parte del importe de lo recaudado en la oficina central en Mayagüez, pues es allí donde se llevaban a cabo los negocios de la Telefónica para dichos fines.

■ La recurrida no venía obligada a pagar patentes en los municipios mencionados en que no tiene oficinas para llevar a cabo negocios. Dicho requisito de tener oficinas lo fija la propia ley que hemos citado.

En vista de lo anterior, *se revocará la sentencia recurrida.*